IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DAVID COVERT, <br><br> Plaintiff, <br><br> vs. <br><br> SOUTH CAROLINA PUBLIC SERVICE AUTHORITY d/b/a SANTEE COOPER <br><br> Defendant. | CASE #: 2:26-cv-00041-RMG-MHC <br><br> COMPLAINT <br> (JURY TRIAL REQUESTED) |

**COMPLAINT AND JURY DEMAND**

The Plaintiff, David Covert, by and through his attorney, Bonnie Travaglio Hunt of Hunt Law LLC, does hereby complain against the above-named defendants, South Carolina Public Service Authority d/b/a Santee Cooper Power and Water (hereinafter referred to as Santee Cooper) as follows:

**NATURE OF THE ACTION**

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights guaranteed by federal law and state law which rights provide for injunctive and other relief for illegal discrimination in employment.

2. This Action is brought pursuant to South Carolina Human Affairs Commission and the laws governing discrimination and hostile work environment, in South Carolina.

3. This Action is brought pursuant to the law of the Equal Employment Opportunity Commission including but not limited laws governing discrimination, hostile work environment, and retaliation, in the United States of America.

1

4. This Action is brought pursuant to the Statutes and Common Law of South Carolina.

5. This Action is brought pursuant to the Law of the United States of America.

## PARTIES

6. Plaintiff is an adult male individual over the age of forty and a citizen of the United States who at all times was a resident of the State of South Carolina.

7. At all relevant times to the allegation in this complaint, Mr. Covert was an employee of the Defendant, Santee Cooper, as defined by the laws of the State of South Carolina, United States of America, South Carolina Human Affairs Laws, Equal Employment Opportunity Law, Title VII and 42 U.S.C. 1981.

8. That the Defendant, Santee Cooper, operates several facilities throughout South Carolina. That Santee Cooper a public and private entity that meets the definition of an employer pursuant to the State of South Carolina, United States of America, South Carolina Human Affairs Law, Equal Opportunity Law, Title VII and 42 U.S.C. Section 1981.

9. On information and belief, Defendant, Santee Cooper, is an entity conducting business and affecting commerce in the State of South Carolina properly within the jurisdiction of the Court.

10. At all times, relevant to the allegations in this Complaint, the Defendant Santee Cooper employed more than 20 persons in the State of South Carolina.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 as the matter involves a federal question based on Race Discrimination.

12. The Court has jurisdiction over this matter pursuant to Federal Law as it involves a Federal and State Law Question pursuant to Title VII.

13. The Court has jurisdiction over this matter pursuant to 42 U.S.C. Section 1981 as it is a Race Discrimination Claim which is a Federal Question.

14. This Court has jurisdiction over this matter pursuant to Federal Law.

15. The County of Berkeley is the proper venue for this action because this is the District and Division in which a substantial portion of the acts of discrimination giving rise to the causes of action contained herein occurred.

## **PROCEDURAL PREREQUISITES**

16. On October 14, 2025, Mr. Covert contacted the EEOC and filed an initial inquiry questionnaire via their website.

17. On November 5, 2025, Mr. Covert was notified that his appointment to discuss his charge was canceled due to the government shutdown.

18. That on November 20, 2025, Mr. Covert properly filed a Charge of Discrimination with the EEOC setting forth Race Discrimination.

19. That Mr. Covert's First Charge of Discrimination set forth the following:

    I. *I began my employment with the above-mentioned employer in the capacity of a Mechanic. Throughout the course of my tenure, I consistently performed my duties at a level exceeding acceptable standards, demonstrating reliability, technical proficiency and commitment to workplace safety.*

    II. *In April of 2025, I, along with three other employees, was instructed to close the condenser doors. I took the initiative to explain the procedure to my colleagues, and together we successfully completed the task. However, two days later, my supervisor informed me that we had failed to properly document and sign off on the clearance for the condenser doors on the night the task was performed.*

> *Recognizing the oversight, I advised the three employees that we should acknowledge the mistake and report it honestly. We collectively confessed to the omission. Despite our candor and willingness to take responsibility, we were terminated as a result.*
>
> *I firmly believe that the stated reasons for my termination are pretextual. While I acknowledge that the failure to sign off was an error, it was a minor and forgivable offense that did not compromise safety or operational integrity.*

    III. *I believe I have been discriminated against because of my race (African American) in violation of Title VII of the Civil Rights Act of 1964, as amended.*

20. On November 20, 2025, Mr. Covert received confirmation that the charge was filed.

21. That Mr. Covert received his right to sue regarding the first charge of discrimination on November 25, 2025.

22. That the EEOC Rights to Set forth the following:

> *DETERMINATION OF CHARGE The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. NOTICE OF YOUR RIGHT TO SUE This is official notice from the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's Official Notice of Dismissal. You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.) If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 415-2025-01575.*

23. That fewer than ninety days have elapsed since Mr. Covert received the right to sue.

## SANTEE COOPER POLICIES

24. Santee Cooper has published policies and procedures that set forth the controlling Mr. Covert's employment.

25. That these policies are issued to the Employees, whereas the employees and the employer are required to follow.

26. Santee Cooper specifically has the following policy posted online and in its facilities:

**Equal Employment Opportunity is**
**THE LAW**

**Private Employers, State and Local Governments, Educational Institutions, Employment Agencies and Labor Organizations**

Applicants to and employees of most private employers, state and local governments, educational institutions, employment agencies and labor organizations are protected under Federal law from discrimination on the following bases:

**RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN**

Title VII of the Civil Rights Act of 1964, as amended, protects applicants and employees from discrimination in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment, on the basis of race, color, religion, sex (including pregnancy), or national origin. Religious discrimination includes failing to reasonably accommodate an employee's religious practices where the accommodation does not impose undue hardship.

**DISABILITY**

Title I and Title V of the Americans with Disabilities Act of 1990, as amended, protect qualified individuals from discrimination on the basis of disability in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment. Disability discrimination includes not making reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, barring undue hardship.

**AGE**

The Age Discrimination in Employment Act of 1967, as amended, protects applicants and employees 40 years of age or older from discrimination based on age in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment.

**SEX (WAGES)**

In addition to sex discrimination prohibited by Title VII of the Civil Rights Act, as amended, the Equal Pay Act of 1963, as amended, prohibits sex discrimination in the payment of wages to women and men performing substantially equal work, in jobs that require equal skill, effort, and responsibility, under similar working conditions, in the same establishment.

**GENETICS**

Title II of the Genetic Information Nondiscrimination Act of 2008 protects applicants and employees from discrimination based on genetic information in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment. GINA also restricts employers' acquisition of genetic information and strictly limits disclosure of genetic information. Genetic information includes information about genetic tests of applicants, employees, or their family members; the manifestation of diseases or disorders in family members (family medical history); and requests for or receipt of genetic services by applicants, employees, or their family members.

**RETALIATION**

All of these Federal laws prohibit covered entities from retaliating against a person who files a charge of discrimination, participates in a discrimination proceeding, or otherwise opposes an unlawful employment practice.

**WHAT TO DO IF YOU BELIEVE DISCRIMINATION HAS OCCURRED**

There are strict time limits for filing charges of employment discrimination. To preserve the ability of EEOC to act on your behalf and to protect your right to file a private lawsuit, should you ultimately need to, you should contact EEOC promptly when discrimination is suspected: The U.S. Equal Employment Opportunity Commission (EEOC), 1-800-669-4000 (toll-free) or 1-800-669-6820 (toll-free TTY number for individuals with hearing impairments). EEOC field office information is available at www.eeoc.gov or in most telephone directories in the U.S. Government or Federal Government section. Additional information about EEOC, including information about charge filing, is available at www.eeoc.gov.

**Employers Holding Federal Contracts or Subcontracts**

Applicants to and employees of companies with a Federal government contract or subcontract are protected under Federal law from discrimination on the following bases:

**RACE, COLOR, RELIGION, SEX, NATIONAL ORIGIN**

Executive Order 11246, as amended, prohibits job discrimination on the basis of race, color, religion, sex or national origin, and requires affirmative action to ensure equality of opportunity in all aspects of employment.

**INDIVIDUALS WITH DISABILITIES**

Section 503 of the Rehabilitation Act of 1973, as amended, protects qualified individuals from discrimination on the basis of disability in hiring, promotion, discharge, pay, fringe benefits, job training, classification, referral, and other aspects of employment. Disability discrimination includes not making reasonable accommodation to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, barring undue hardship. Section 503 also requires that Federal contractors take affirmative action to employ and advance in employment qualified individuals with disabilities at all levels of employment, including the executive level.

**DISABLED, RECENTLY SEPARATED, OTHER PROTECTED, AND ARMED FORCES SERVICE MEDAL VETERANS**

The Vietnam Era Veterans' Readjustment Assistance Act of 1974, as amended, 38 U.S.C. 4212, prohibits job discrimination and requires affirmative action to employ and advance in employment disabled veterans, recently separated veterans (within three years of discharge or release from active duty), other protected veterans (veterans who served during a war or in a campaign or expedition for which a campaign badge has been authorized), and Armed Forces

service medal veterans (veterans who, while on active duty, participated in a U.S. military operation for which an Armed Forces service medal was awarded).

**RETALIATION**

Retaliation is prohibited against a person who files a complaint of discrimination, participates in an OFCCP proceeding, or otherwise opposes discrimination under these Federal laws.

Any person who believes a contractor has violated its nondiscrimination or affirmative action obligations under the authorities above should contact immediately:

The Office of Federal Contract Compliance Programs (OFCCP), U.S. Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210, 1-800-397-6251 (toll-free) or (202) 693-1337 (TTY). OFCCP may also be contacted by e-mail at OFCCP-Public@dol.gov, or by calling an OFCCP regional or district office, listed in most telephone directories under U.S. Government, Department of Labor.

**Programs or Activities Receiving Federal Financial Assistance**

**RACE, COLOR, NATIONAL ORIGIN, SEX**

In addition to the protections of Title VII of the Civil Rights Act of 1964, as amended, Title VI of the Civil Rights Act of 1964, as amended, prohibits discrimination on the basis of race, color or national origin in programs or activities receiving Federal financial assistance. Employment discrimination is covered by Title VI if the primary objective of the financial assistance is provision of employment, or where employment discrimination causes or may cause discrimination in providing services under such programs. Title IX of the Education Amendments of 1972 prohibits employment discrimination on the basis of sex in educational programs or activities which receive Federal financial assistance.

**INDIVIDUALS WITH DISABILITIES**

Section 504 of the Rehabilitation Act of 1973, as amended, prohibits employment discrimination on the basis of disability in any program or activity which receives Federal financial assistance. Discrimination is prohibited in all aspects of employment against persons with disabilities who, with or without reasonable accommodation, can perform the essential functions of the job.

If you believe you have been discriminated against in a program of any institution which receives Federal financial assistance, you should immediately contact the Federal agency providing such assistance.

*EEOC 9/02 and OFCCP 8/08 Versions Useable With 11/09 Supplement EEOC-P/E-1 (Revised 11/09)*

## FACTUAL BACKGROUND MR. COVERT'S EMPLOYMENT

27. Mr. Covert is an African American male over the age of forty.

28. Mr. Covert was hired by the Defendant as a Mechanic and worked for the Defendant for over 20 years.

29. Mr. Covert had exemplary performance throughout his employment with the Defendant.

30. That the last 14 years of his employment Mr. Covert worked as a Mechanic A in the power plant. That Mr. Covert was the oldest Mechanic.

31. Mr. Covert was required to run a crew despite it not being part of his job description.

32. That on March 25, 2025, Mr. Covert made an error.

33. Mr. Covert admitted to the error and was informed that it was handled and there would be nothing further including no further discipline.

34. However, three weeks later Mr. Covert was called to Human Resources.

35. Mr. Covert went to HR where he was terminated by Aletra Adams. Aletra Adams read the termination document to Mr. Covert and provided no further insight. The termination was signed by Ken Lott, Chief Financial & Admin Officer.

36. That prior to Mr. Covert's termination he had had no verbal warnings, no write ups, and no discipline.

37. That the reasons for the Plaintiff's termination were pretextual and intentional to terminate him as an African American.

38. That Mr. Covert is aware that there were several other Caucasian employees that made the same error and were not terminated. Specifically there were at least 20 individuals who signed off on the wrong clearance at Winyah.

39. That Mr. Covert utilized any and all policies, procedures and laws at his disposal.

40. That the Defendant, Santee Cooper, is the direct and proximate cause of damage to Mr. Covert or the violation of his civil rights violating the Title VII and 42 U.S.C. Section 1981.

41. That Mr. Covert was discriminated against based on his race, and treated differently than other employees based on race.

42. That Mr. Covert suffered actual, compensatory, consequential and other damages as a result of the Defendant's wrongful termination of his employment.

43. That Defendant, Santee Cooper, wrongfully discriminated, and terminated Mr. Covert's employment in violation of Title VII and 42 U.S.C. Section 1981.

44. That each of the reasons presented by the Defendant, Santee Cooper, for each and every action taken against Mr. Covert were pretextual.

45. That as a result of all Defendants' actions, Mr. Covert has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity, and other intangible injuries for all of which he should be compensated.

46. Defendants engaged in policies and practices which willfully, intentionally, and unlawfully discriminated against Mr. Covert on the basis of his race.

47. That the Plaintiff is entitled to damages in the amount of actual, compensatory, consequential, and punitive damages.

### FOR A FIRST CAUSE OF ACTION
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII/42 U.S.C. SECTION 1981
### AGAINST
### SANTEE COOPER

48. That Paragraphs one (1) through forty-seven (47) are hereby incorporated verbatim.

49. That Mr. Covert was an employee of the Defendant, Santee Cooper, as defined by State Law, Federal Law and Title VII.

50. That the Defendant, Santee Cooper, is an employer in accordance with Title VII, Federal Law and South Carolina Human Affairs Laws.

51. That the Defendant, Santee Cooper, subjected Mr. Covert to race discrimination when they terminated him from his employment for pretextual reasons.

52. The Defendant, Santee Cooper, failed to discipline Caucasian employees for the same or worse actions at the power plant.

53. That the Defendant is the proximate and direct cause of damage to Mr. Covert.

54. That Mr. Covert has suffered severe emotional and career damages as a result of the Defendant's discrimination.

55. That as a direct result of the Defendants' violation of Title VII and 42 U.S.C. Section 1981 Mr. Covert has suffered:

    a.  Economic damages from the loss of his position;

    b.  Loss of benefits associated with loss of his position;

    c.  Lost of future wages, economic damages and benefits;

    d.  Economic hardship;

    e.  Suffered anxiety, humiliation and emotional damages.

56. That Mr. Covert is entitled to recover damages from the Defendants in the amount of actual damages, consequential damages, reasonable attorney's fees, the costs of this action and all other damages available pursuant to Title VII.

## PRAYER FOR RELIEF

WHEREFORE plaintiff prays that this Honorable Court:

a. Accept jurisdiction over this matter;

b. Empanel a jury to hear and decide all questions of fact;

c. Award all damages available to Mr. Covert pursuant to the law of Title VII for discrimination, and harassment;

d. Award all damages available to Mr. Covert pursuant to 42 U.S.C. 1981;

e. Award to plaintiff all consequential and compensatory damages against the defendants jointly and severally;

f. Award to plaintiff the reasonable attorneys' fees and costs incurred in the prosecution of this matter; Permanently enjoin the defendant, their assigns, successors, agents, employees and those acting in concert with them from engaging in race discrimination, disparate treatment or retaliation against plaintiff;

g. Award all other damages permitted by Federal and State Law;

h. Enter any other order the interests of justice and equity require.

          Respectfully Submitted,

          *s/Bonnie Travaglio Hunt*
          Bonnie Travaglio Hunt
          Hunt Law LLC
          Federal Bar # 07760
          SC Bar # 12341
          Attorney for Mr. Covert
          4000 Faber Place Drive, Suite 300, N. Charleston, 29405
          Post Office Box 1845, Goose Creek, SC 29445
          (843)553-8709
          Facsimile (843)492-5509
          bthunt@huntlawllc.com

Dated: January 7, 2026